

ORDERED in the Southern District of Florida on October 15, 2013.

Laurel M. Isicoff, Judge
United States Bankruptcy Court
_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re: Glorelys R Fuentes	Case No: 13-118782-LMI
	Chapter 13

_____Debtor_____/

ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED
STATUS OF LIEN ON REAL PROPERTY HELD BY  BANK OF AMERICA

THIS CASE came to be heard on  October 8, 2013  on the Debtor's *Motion to Value and Determine Secured Status of Lien on Real Property* (DE  35 ; the "Motion"). Based upon the debtor's assertions made in support of the Motion, without objection, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

LF-92 (rev. 01/08/10)	Παγε 1 οφ 3

A.  The value of the debtor's real property (the "Real Property") located at <u>12251 SW 39th Terrace, Miami, FL 33175-3017</u>, and more particularly described as 13 54 39 SOUTHERN ESTS 4TH ADDN PB 73-81 LOT 25 BLK 24 LOT SIZE 75.000 X 100 OR 20537-0904 07/2002 4 COC 24280-3510 02 2006 1 is $<u>248,000.00</u> at the time of the filing of this case.

B.  The total of all claims secured by liens on the Real Property senior to the lien of Bank of America (the "Lender") is $<u>331,354.85</u>.

C.  The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of Lender is $<u>0.00</u> and Lender has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1.  The Motion is **GRANTED**.

2.  Lender has an allowed secured claim in the amount of $<u>0.00</u>.

3.  Because Lender's secured interest in the Real Property is $0, Lender's mortgage recorded on <u>March 1, 2006</u> at OR BOOK <u>24280</u> Page <u>3528</u> of the official records of <u>Miami-Dade</u> County, Florida shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case.  If this case is converted to a case under any other chapter or if the chapter 13 case is dismissed, Lender's mortgage will no longer be considered void and shall be restored as a lien on the Real Property.

4. (Select only one):

   __X__  Lender has not filed a proof of claim in this case. The trustee shall not disburse any payments to Lender unless a proof of claim is timely filed. In the event a proof of claim is timely filed, it shall be classified as a secured claim in the amount stated in paragraph 2, above, and as a general unsecured claim for any amount in excess of such secured claim, regardless of the original classification in the proof of claim as filed.

or

   ____  Lender filed a proof of claim in this case. It shall be classified as a secured claim in the amount provided in paragraph 2, above, and as a general unsecured claim in the amount of $ _____, regardless of the original classification in the proof of claim as filed.

5. The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6. Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

###

Submitted By:

Robert Sanchez, P.A.
355 West 49th Street
Hialeah, FL 33012
Tel: (305) 687-8008

Attorney _Robert Sanchez, Esq._ is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.

LF-92 (rev. 01/08/10)                    Page 3 of 3